# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

CAMILLE A. ABBOUD

    *Plaintiff,*

v.                                    CASE NO. 3:22-CV-305-TJC-PDB

NEXTERA ENERGY, INC.,
a Florida for-profit corporation;
FLORIDA POWER & LIGHT CO.,
a Florida for-profit corporation;
NEXTERA ENERGY RESOURCES, LLC,
a foreign limited liability company;
NEXTERA ENERGY SERVICES, LLC,
a foreign limited liability company;
NEXTERA ENERGY TRANSMISSION, LLC,
a foreign limited liability company;

    *Defendants.*

_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
## <u>INJUNCTIVE RELIEF REQUESTED</u>

Plaintiff, Camille A. Abboud, sues NextEra Energy, Inc., a Florida

for-profit corporation; Florida Power & Light Co., a Florida for-profit

corporation; NextEra Energy Resources, LLC, a foreign limited liability

company; NextEra Energy Services, LLC, a foreign limited liability company;

and, NextEra Energy Transmission, LLC, a foreign limited liability company; and alleges as follows:

## I.   Summary Of Action

Camille Abboud is a 60-year-old Middle Eastern Naturalized American male. He holds five degrees, including three Master's degrees (a Master of Mechanical/Nuclear Engineering and a Master of Science in Health Physics from the Georgia Institute of Technology, and a Master of Business Administration). He has more than twenty-five years of experience in the electric and nuclear energy industry. He holds the highest nuclear security clearance available to United States civilians. Despite being the most qualified candidate, the Defendants have refused to hire Mr. Abboud due to his national origin and age. Defendants also retaliated against Mr. Abboud for complaining about Defendants' discriminatory behavior.

## II.   Nature of Claims

1.   ADEA. Defendants' refusal to hire Mr. Abboud based on age violates the Age Discrimination in Employment Act ("ADEA"), 29 United States Code section 621, et seq.

2.      Title VII. Defendants' refusal to hire Mr. Abboud based on national origin violates Title VII of the Civil Rights Act of 1964 as amended, 42 United States Code section 2000e, et seq.

3.      Retaliation. Defendants' refusal to hire Mr. Abboud after he filed a Charge with the United States Equal Employment Opportunity Commission ("EEOC") constitutes retaliation and violates Title VII and the ADEA.

**III.   Jurisdiction**

4.      The Court has jurisdiction under Title VII and the ADEA under 28 United States Code section 1331.

**IV.   Venue**

5.      Venue is proper within this Court, under 28 United States Code section 1391(b) because: (a) Defendants and their members reside in this judicial district; (b) Defendants do business in Florida and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Jacksonville, Florida; and (c) Defendants are subject to personal jurisdiction in this District.

**V.  Compliance With Administrative Pre-Requisites**

6.  Mr. Abboud has exhausted the required administrative remedies with the EEOC prerequisite before bringing this action as required by Title VII and the ADEA, and he has thereafter filed this Complaint in a timely manner.

**VI.  Parties**

7.  Plaintiff Camille A. Abboud is 60 years old and, at all times material hereto, resided in Jacksonville, Florida, and/or its greater area. He is a Middle Eastern male born in Lebanon. Mr. Abboud graduated from Lebanese American University in Beirut in 1982, earning a Bachelor of Science (Mathematics) degree. He graduated from the Georgia Institute of Technology in 1984, earning a  Bachelor of Science (Mechanical Engineering) degree. Mr. Abboud graduated from the Georgia Institute of Technology in 1989, earning a Master of Mechanical/Nuclear Engineering degree and a Master of Science in Health Physics degree. He graduated from Regis University in 2005, earning a Master of Business Administration degree. Mr. Abboud holds multiple nuclear and engineering certifications. He has over 25 years of experience in the electric and nuclear energy industry, working for major utilities like Xcel Energy, Inc., and

the Tennessee Valley Authority ("TVA"). Mr. Abboud also holds the highest nuclear security clearance available to United States civilians.

8. NextEra Energy, Inc. ("NextEra") is a Florida for-profit corporation doing business in Florida (Jacksonville and elsewhere). NextEra's principal place of business is located at 700 Universe Blvd., Juno Beach, FL 33408. NextEra is the parent company of the Defendants listed below. Defendant NextEra is an employer under Title VII and the ADEA.

9. Florida Power & Light Company ("FPL") is a Florida for-profit corporation doing business in Florida (Jacksonville and elsewhere). FPL's principal place of business is located at 700 Universe Blvd., Juno Beach, FL 33408. FPL holds itself out to be the largest energy company in the world, serving customer accounts throughout Florida with electricity. Defendant FPL is an employer under Title VII and the ADEA.

10. Defendant NextEra Energy Resources, LLC ("NextEra Resources") is a foreign limited liability company doing business in Florida (Jacksonville and elsewhere). Its principal place of business is located at 700 Universe Blvd., Juno Beach, FL 33408. NextEra Resources holds itself out to be a diversified clean

energy company with an emphasis on delivering power generation and energy services. NextEra Resources is an employer under Title VII and the ADEA.

11. Defendant NextEra Energy Services, LLC ("NextEra Services") is a foreign limited liability company doing business in Florida (Jacksonville and elsewhere). Its principal place of business is located at 700 Universe Blvd., Juno Beach, FL 33408. NextEra Services holds itself out to be a leading retail provider supplier of affordable electrical services for residential and commercial customers across North America. NextEra Services is an employer under Title VII and the ADEA.

12. Defendant NextEra Energy Transmission, LLC ("NextEra Transmission") is a foreign limited liability company doing business in Florida (Jacksonville and elsewhere). Its principal place of business is located at 700 Universe Blvd., Juno Beach, FL 33408. NextEra Transmission holds itself out to be the leading competitive transmission company in North America. NextEra Transmission is an employer under Title VII and the ADEA.

13. Defendants have continuously been doing business in the State of Florida and locations throughout the United States, and have continuously had at least 20 employees.

14. Defendants operate as an integrated enterprise or single employer by their common management, the interrelations of their operations, the centralized control over their labor relations, and their common ownership.

15. At all material times, Defendants have continuously been employers under Title VII and the ADEA.

## VII. Statement Of Facts

16. Mr. Abboud is a 60-year-old, Middle Eastern male.

17. Mr. Abboud's experience in the electric and nuclear energy industry includes Senior Mechanical/Radiological Engineer for the Northern States Power Company ("NSP") Nuclear Power Plants; Manager, Fuel Procurement for NSP Fuel Resources; Managing Director, Quantitative Risk Services for Xcel Energy, Inc.; Senior Program Manager, Structuring & Portfolio Management for the TVA; and President and CFO for The Apollo Group.

18. As Senior Mechanical/Radiological Engineer for NSP, Mr. Abboud provided engineering support to the Prairie Island and Monticello nuclear power plants in Minnesota.

19. As a Fuel Procurement Manager for NSP in Minnesota, Mr. Abboud developed fossil and nuclear fuel management strategies and managed the negotiations and procurement of fossil and nuclear fuel.

20. From 2000 to 2013, Mr. Abboud worked as Xcel Energy, Inc.'s Managing Director, Quantitative Risk Services in Denver, Colorado. Mr. Abboud led and directed the development of risk strategies for gas and electric generation, transmission, and distribution assets.

21. From 2013 to 2014, Mr. Abboud worked as TVA's Senior Program Manager, Structuring & Portfolio Management. In that position, Mr. Abboud provided technical and analytical expertise in nuclear operations, renewables, resource planning, origination, trading, and market risk assessment.

22. In 2014, Mr. Abboud became President and CFO of The Apollo Group in Jacksonville, Florida. Mr. Abboud provided consulting services to entities in the electric and nuclear energy industry.

23. In 2018 and 2019, Mr. Abboud submitted several job applications to Defendants for positions in which he was qualified.

24. The job applications for which Mr. Abboud applied expressly required Mr. Abboud to list his birth date.

25.     Mr. Abboud listed his birth date in the applications.

26.     Defendants collectively employ thousands of individuals.

27.     Mr. Abboud provided information regarding his education and experience in his job applications, and otherwise provided Defendants with adequate information to demonstrate his job qualifications for the positions he sought.

28.     Mr. Abboud also provided information in connection with his applications demonstrating his status as a Middle Eastern male.

29.     Despite Mr. Abboud's qualifications, Defendants rejected Mr. Abboud's applications.

30.     Between 2018 and March 2019, certain applications submitted by Mr. Abboud made it to the hiring manager for review, but Mr. Abboud was ultimately rejected for such positions without explanation, and without obtaining an interview.

31.     Mr. Abboud failed to receive an interview for any of the jobs in which he applied. Mr. Abboud was rejected for all positions without explanation but received a few automatic rejection letters.

32. The positions were filled by younger, non-Middle Eastern individuals possessing fewer qualifications than Mr. Abboud.

33. On March 19, 2019, Mr. Abboud filed his Charge with the EEOC, complaining about Defendants' age and national origin discrimination in hiring.

34. In April 2019 and thereafter, Mr. Abboud continued to apply to available positions with Defendants.

35. After filing his charge, Defendants began rejecting Mr. Abboud's applications without consideration. In most instances, Defendants refused to send a rejection notification to Mr. Abboud.

36. Mr. Abboud's applications no longer made it to the hiring manager's review until after this lawsuit was filed.

37. As a result of Defendants' discriminatory and retaliatory practices, Mr. Abboud has suffered and will continue to suffer damages.

38. Mr. Abboud has attempted to mitigate his damages.

## COUNT I- AGE DISCRIMINATION (FAILURE TO HIRE) IN VIOLATION OF THE ADEA

Mr. Abboud realleges and references each and every allegation contained in the preceding paragraphs 1-38, and incorporates the same as if set forth fully herein.

39. This is an action for damages as the result of discriminatory treatment and failure to hire brought under the ADEA, 29 United States Code § 621, et seq.

40. Defendants utilize nearly identical hiring processes and practices concerning their available job openings.

41. Specifically, Defendants have a centralized and structured hiring process whereby applicants submit job information through a portal. Recruiters go through the applications and pass qualified candidates to the hiring managers for review and interviews.

42. As part of this process, applicants are expressly required to provide their birth date, revealing their age.

43. Defendants have maintained a procedure of denying employment to applicants in the protected age group. Defendants' hiring system disproportionately excludes individuals in the protected age group from employment.

44. At all times material hereto, Mr. Abboud was a member of the protected age class.

45.     Mr. Abboud applied to several open positions with Defendants in 2018 and 2019.

46.     Mr. Abboud was qualified for the positions in which he applied. For example, Mr. Abboud applied for the positions of Senior Trading Risk Analyst in January 2019 and Senior Manager of Cost and Growth in February 2019. Those positions were similar to the positions held by Mr. Abboud at Xcel Energy, Inc. and TVA.

47.     Defendants rejected Mr. Abboud for those positions and all other positions in which he applied and was qualified.

48.     Defendants filled those positions and other positions for which he applied with individuals substantially younger than Mr. Abboud.

49.     Mr. Abboud suffered damages as a result of Defendants' discriminatory hiring practices.

## COUNT II- NATIONAL ORIGIN DISCRIMINATION (FAILURE TO HIRE) IN VIOLATION OF TITLE VII

Mr. Abboud realleges and references each and every allegation contained in the preceding paragraphs 1-38, and incorporates the same as if set forth fully herein.

50. This is an action for damages as the result of discriminatory treatment and failure to hire brought under Title VII of the Civil Rights Act of 1964 as amended, 42 United States Code § 2000e, et seq.

51. Defendants utilize nearly identical hiring processes and practices concerning their available job openings.

52. Specifically, Defendants have a centralized and structured hiring process whereby applicants submit job information through a portal. Recruiters go through the applications and pass qualified candidates to the hiring managers for review and interviews.

53. As part of this process, applicants are encouraged to provide information concerning their national origin.

54. Defendants have maintained a procedure of denying employment to applicants in the protected group. Defendants' hiring system disproportionately excludes individuals of Middle Eastern origin from employment in electric and nuclear energy positions.

55. Mr. Abboud is a Middle Eastern American male born in Lebanon. He is therefore a member of the protected class.

56. Mr. Abboud provided this information to Defendants in the application process and the decision-makers were aware that Mr. Abboud was a member of the protected class.

57. Mr. Abboud applied to several open positions with Defendants in 2018 and 2019.

58. Mr. Abboud was qualified for the positions in which he applied. For example, Mr. Abboud applied for the positions of Senior Trading Risk Analyst in January 2019 and Senior Manager of Cost and Growth in February 2019. Those positions are similar to the positions held by Mr. Abboud at Xcel Energy, Inc. and TVA.

59. Mr. Abboud holds the requisite nuclear licenses and high nuclear clearance for certain nuclear positions in which he applied. For example, Mr. Abboud applied in early March 2019 for Nuclear Operations Unit Supervisor (License Class). That position is similar to Mr. Abboud's experience with NSP, Xcel Energy, and TVA. That position required the attainment of certain nuclear license(s) before qualification.

60. The positions for which Mr. Abboud applied that required nuclear licenses and/or clearance levels also require a background review of licensure status before an individual may qualify for the position.

61. The licenses and/or clearance levels reveal Mr. Abboud's status as a foreign-born Middle Eastern male.

62. Defendants rejected Mr. Abboud for those positions and all other positions in which he applied and was qualified.

63. Defendants filled those positions and other positions for which he applied with non-Middle Eastern individuals.

64. Mr. Abboud suffered (and continues to suffer) damages as a result of Defendants' discriminatory hiring practices.

## <u>COUNT III- RETALIATION (FAILURE TO HIRE)</u><br><u>IN VIOLATION OF TITLE VII AND THE ADEA</u>

Mr. Abboud realleges and references each and every allegation contained in the preceding paragraphs 1-38, and incorporates the same as if set forth fully herein.

65. This is an action for damages as the result of retaliatory treatment and failure to hire brought under Title VII of the Civil Rights Act of 1964 as

amended, 42 United States Code § 2000e, et seq., and the ADEA, 29 United States Code § 621, et seq.

66. Mr. Abboud engaged in protected activity under Title VII and the ADEA by filing a Charge with the EEOC on March 19, 2019.

67. Mr. Abboud suffered adverse employment action as Defendants (and their decision-makers) were aware of the Charge and refused to hire him for all positions in which he applied and was qualified. For example, Mr. Abboud applied (and was qualified) for Senior Nuclear Training Operations Instructor on April 2, 2019, Manager of Strategic Initiatives on April 8, 2019, Manager of Integrated Resource Planning on April 11, 2019, Senior Strategic Projects Consultant on June 18, 2019, and Manager Strategic Initiatives on July 9, 2019. Mr. Abboud was qualified for those positions and all others for which he applied, yet Defendants refused to hire him.

68. There is a causal connection between the filing of Mr. Abboud's EEOC Charge and Defendants' refusal to hire him as, after Mr. Abboud filed his Charge, Defendants changed the way they dealt with his employment applications. For example, Mr. Abboud no longer received notices of rejection for certain positions. Mr. Abboud's applications no longer received the same

consideration as before, and his applications no longer went to the hiring manager for review.

69. Mr. Abboud has suffered (and continues to suffer) damages as a result of Defendants' retaliatory treatment.

## **RELIEF REQUESTED**

**WHEREFORE**, Plaintiff demands the following relief under Title VII and the ADEA:

(a) Injunctive relief against Defendants, their agents, and employees, from discriminating against Mr. Abboud and other job applicants within the protected age and national origin classes;

(b) General and compensatory damages to compensate Mr. Abboud for injuries resulting from Defendants' discriminatory and retaliatory conduct;

(c) Back pay and front pay resulting from Defendants' discrimination and retaliation;

(d) Damages for Mr. Abboud's mental anguish, emotional distress, humiliation, loss of enjoyment of life, and other intangible losses occasioned by Defendants' wrongful conduct;

(e) Punitive damages to the maximum extent allowable by law;

(f)     Attorney's fees and costs, including litigation expenses and expert witness fees and expenses; and,

(g)     Any other relief this Court may deem just and appropriate under the circumstances.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for all matters so triable.

**Dated this 2nd day of June 2022.**

*/s/Michael E. Halkitis, Jr., Esq.*
**MICHAEL E. HALKITIS, ESQ.**
Florida Bar No.: 30342
Halkitis Law, PLLC
300 West Adams Street, Suite 530
Jacksonville, FL 32202
Telephone: (904) 413-9990
Facsimile: (904) 844-0573
Primary Email: Mike@halkitislaw.com
Attorney for Plaintiff